UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LOURDES FLEURIMA,**

    **Plaintiff,**
v.                                                                                  Case No. 8:19-cv-2835-T-AAS

**ANDREW SAUL, Commissioner,**
**Social Security Administration,**

    **Defendant.**
_____/

## ORDER

Lourdes Fleurima seeks judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income Benefits (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, the parties' joint memorandum, Ms. Fleurima's motion for remand under sentence six, and the Commissioner's response, the Commissioner's decision is **AFFIRMED** and Ms. Fluerima's motion for remand under sentence six is **DENIED**.

**I.      PROCEDURAL HISTORY**

Ms. Fleurima applied for DIB and SSI on July 5, 2019, alleging a disability onset date of June 2, 2016. (Tr. 189–202). Ms. Fleurima's claims were denied initially and on reconsideration. (Tr. 130–47). Ms. Fleurima requested a hearing before an ALJ, who held the hearing on September 11, 2018. (Tr. 36–57). The ALJ issued a

1

decision unfavorable to Ms. Fleurima on November 9, 2018. (Tr. 16–35).

Because the Appeals Council denied Ms. Fleurima's request for review, the ALJ's decision is the final decision of the Commissioner. (Tr. 1–6). Ms. Fleurima requests judicial review of the ALJ's final decision. (Doc. 1). After filing the parties' joint memorandum (Doc. 23), Ms. Fluerima moved for sentence six remand. (Doc. 24). The Commissioner opposes the motion. (Doc. 25).

## II.   NATURE OF DISABILITY CLAIM

### A.   Background

Ms. Fleurima was fifty-six years old at the time of the ALJ's decision. (Tr. 38). Ms. Fleurima has a high school education and an associate's degree. (Tr. 48). Ms. Fleurima has past work experience as an administrative assistant. (Tr. 28, 40).

### B.   Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.910.

"allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Ms. Fleurima had not engaged in substantial gainful activity since her alleged onset date of June 2, 2016. (Tr. 21). The ALJ found Ms. Fleurima had these severe impairments: congestive heart failure status post pacemaker and defibrillator, insomnia, spine disorder, disorders of the muscle, and obesity. (Tr. 22). But the ALJ found Ms. Fleurima's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 24).

The ALJ found Ms. Fleurima has an RFC to perform sedentary work,[4] except:

---

[3] A claimant's RFC is the level of physical and mental work she can consistently perform despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416967(a).

> [Ms. Fleurima] needs can lift and carry 10 pounds occasionally; can stand and walk for 2 hours in an 8-hour workday; can sit for 6 hours in an 8-hour workday with normal breaks; cannot climb more than 5 steps on a ladder; can occasionally climb ramps and a single stair; can frequently balance, stoop, kneel, crouch, and crawl; can frequently reach and handle; should avoid concentrated exposure to extreme cold, extreme heat, loud noise and excessive vibration; should avoid concentrated exposure to environmental and pulmonary irritants such as fumes, odors, dust, and gases; and should avoid concentrated exposure to all industrial hazards.

(Tr. 24–25).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Ms. Fleurima could perform her past relevant work as an administrative assistant. (Tr. 28). Thus, the ALJ concluded Ms. Fleurima was not disabled. (Tr. 29).

### III. ANALYSIS

#### A. Standard of Review

Review of an ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether substantial evidence supports her findings. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual

determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote,* 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted) (stating the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

### B.     Issues on Appeal

Ms. Fleurima raises these issues on appeal: (1) whether the ALJ erred in concluding Ms. Fleurima could perform her past work as an administrative assistant; (2) whether the ALJ was required to order a consultative psychological examination to develop a full record;[5] and (3) whether remand is required under sentence six of 42 U.S.C. § 405(g). (Doc. 23, pp. 6–11; Doc. 24).

#### 1.     Whether the ALJ erred in concluding Ms. Fleurima could perform her past work as an administrative assistant.

Ms. Fleurima argues the ALJ erred in finding she could perform her past work as an administrative assistant. (*Id.* at pp. 7–8). Ms. Fleurima asserts that her past work as an administrative assistant does not match the duties categorized in the Dictionary of Occupational Titles (DOT) and is a composite job. (*Id.*). In response, the Commissioner contends the ALJ properly considered the evidence and substantial evidence supports the ALJ's determination that Ms. Fleurima could perform her past relevant work as an administrative assistant. (*Id.* at p. 11).

---

[5] For clarity, the court addresses Ms. Fleurima's argument presented in the memorandum as two separate issues.

The ALJ has a basic obligation to develop a full and fair record. *E.g.*, *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (citation omitted). "To support a finding that the claimant is able to return to her past relevant work, the ALJ must (1) consider all the duties of that work and (2) evaluate the claimant's ability to perform them in spite of her impairments." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (citation omitted). A claimant, however, "bears the initial burden of proving she is unable to perform her previous work." *Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991) (citations omitted).

Ms. Fleurima describes her past relevant work as "running the operation of the office/helping eight staff in the department – typing, picking up mail, clerical duties and other as required," and "clerical duties – helping the director of risk management and others as required." (Tr. 240, 241). Ms. Fleurima noted that, in a typical workday, she would walk for two hours, stand for one hour, and sit for five hours. (Tr. 240). While Ms. Fleurima would occasionally lift and carry boxes, the boxes were very frequently less than ten pounds. (*Id.*).

To determine whether Ms. Fleurima could perform her past work, the ALJ obtained testimony from a VE. (Tr. 43–44, 51–53). An ALJ may rely on a VE's testimony to determine the demands of a claimant's former work and to determine whether the claimant can perform that work. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2). The VE testified that Ms. Fleurima's past work as an administrative assistant was sedentary work per the DOT but was light work as Ms. Fleurima performed it. (Tr. 44). *See* 20 C.F.R. § 416.967(a) (defining sedentary work),

416.967(b) (defining light work); SSR 83-10, 1983 WL 31251 (defining sedentary and light work).[6] When asked whether an individual with Ms. Fleurima's RFC could perform her past work as an administrative assistant, the VE testified that such an individual could perform that work. (Tr. 51–52). When presented the opportunity to counter the VE's testimony that Ms. Fleurima could perform her past relevant work, Ms. Fleurima stated that she "cannot kneel" and that she "cannot talk," yet she failed to present evidence to support these assertions. (Tr. 53).

Ms. Fleurima's work as an administrative assistant qualifies as past relevant work. (*See* Tr. 28-29). Work experience is past relevant work if the work was done within the prior fifteen years, was substantial gainful activity, and lasted long enough for the claimant to learn to do the job. *See* 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1); SSR 82-62, 1982 WL 31386. Ms. Fleurima testified that she had worked as an administrative assistant and reported she worked as an administrative assistant from 1999 through 2016. (Tr. 40, 239, 299). Ms. Fleurima reported she worked at Shriner's Hospital for ten years as an executive assistant, and then as an administrative assistant at Hillsborough Community College for seven years, which is confirmed by her earnings records. (Tr. 203–09, 522).

Ms. Fleurima's work as an administrative assistant did not constitute a composite job. A composite job has "significant elements of two or more occupations

---

[6] SSRs are agency rulings published under the Commissioner's authority and are binding on all components of the SSA. *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). They are not binding on a court. *B.B. v. Schweiker*, 643 F.2d 1069, 1071 (5th Cir. 1981).

7

and, as such, [has] no counterpart in the DOT." *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018) (quoting SSR 82-61 at *2) (internal citations omitted). To establish that a position is a composite job, a claimant "ha[s] to prove that her job had significant elements of two or more occupations." *Pineda v. Comm'r of Soc. Sec.*, No. 6:18-cv-01569-CEM-DCI, 2020 WL 1430697, at *3 (M.D. Fla. Mar. 24, 2020) (citation omitted). When the claimant's previous work qualifies as a composite job, the ALJ must consider the particular facts of the individual case to consider whether the claimant can perform his previous work as performed. *Smith*, 743 F. App'x at 954 (citing SSR 82-61).

Ms. Fleurima did not object to the VE's testimony, nor raise the possibility that her work was not past relevant work or a composite job at her hearing. Ms. Fleurima described her job as "typing, picking up mail, clerical duties, and other as required." (Tr. 240, 241). While the definition of an administrative assistant under DOT § 169.167-010 does not include the words "clerical duties," many tasks described within are in the definition of an administrative assistant's clerical duties. Ms. Fleurima did not introduce any evidence about (1) any additional duties that fell outside the usual responsibilities of an administrative assistant, or (2) how these unknown duties were a "significant element" of another occupation. *See Smith*, 743 F. App'x at 954. In addition, the VE never stated that Ms. Fleurima's administrative assistant work had significant elements of two or more occupations so that it would have no counterpart in the DOT. (Tr. 43–44, 51–53).

Substantial evidence supports the ALJ's conclusion that Ms. Fleurima could perform her past relevant work as an administrative assistant, and it was not a composite job.

### 2. Whether the ALJ was required to order a consultative psychological examination to develop a full record.

Ms. Fleurima argues the ALJ failed to develop the record fully because he did not order a consultative psychological examination. (Doc. 23, p. 10). Ms. Fleurima asserts a consultative examination was necessary because "there was a significant indication that [her] mental impairments had worsened" in the two years following the state agency psychological consultants' opinions. (*Id.*). In response, the Commissioner argues Ms. Fleurima "failed to show the record contains evidentiary gaps that resulted in prejudice" and that Ms. Fleurima "failed to show a consultative examiner's report was necessary for the ALJ to make an informed decision." (*Id.* at pp. 15–19).

The claimant bears the burden of showing there is a prejudice to warrant remanding a case to the ALJ for "further development of the record." *Mosley v. Acting Comm'r of Soc. Sec. Admin.*, 633 F. App'x 739, 742 (11th Cir. 2015) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). The court should be guided by whether the record reveals evidentiary gaps that result in unfairness or clear prejudice. *Graham v. Apfel*, 129 F.3d 1420, 1423 (11th Cir. 1997) (citing *Brown*, 44 F.3d at 934–35) (citation omitted). An ALJ need not order a consultative examination when "the record contains sufficient information for [him] to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007) (citing

9

*Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)).

The ALJ reviewed the record and gave great weight to the opinions of the state agency psychological consultants as consistent with the record. (Tr. 23). An ALJ is "not required to order a consultative examination as long as the record contains sufficient evidence for the ALJ to make an informed decision." *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) (citing *Ingram*, 496 F.3d at 1269). The record is complete where, as here, the adjudicator has enough information to decide whether a claimant is or is not disabled. *See* 20 C.F.R. §§ 404.1513(e), 416.913(e).

In October 2016, Billie Jo Hatton, Ph.D., performed a consultative psychological examination of Ms. Fleurima. (Tr. 550–53). Dr. Hatton noted no evidence of involuntary motor movements, mania, or psychosis. (Tr. 552). Ms. Fleurima's thought processes were relevant, coherent, and organized (*Id.*). Ms. Fleurima maintained good eye contact, was fully oriented, she was cooperative, with intact insight and judgment. (*Id.*). Dr. Hatton diagnosed moderate major depression and anxiety disorder. (*Id.*). In addition, both state agency psychological consultants James Levasseur, Ph.D., and Yamir Laboy, Psy.D, reviewed the evidence in October and November 2016, and opined Ms. Fleurima's mental impairments were non severe. (Tr. 62–66, 94–98). The ALJ gave the state agency psychological consultants' opinions great weight because, even though they did not review the entire record, their opinions were consistent with the record. (Tr. 23, 550-53). *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

An ALJ "may" attain a consultative examination "where the evidence as a whole is insufficient to support a determination or decision on [the] claim." 20 C.F.R. §§ 404.1519a(b), 416.919a(b); *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999). The ALJ was not required to obtain a psychological consultative examination and properly developed the record.

Ms. Fleurima further argues that additional non-exertional limitations in social functioning or concentration could impact her ability to perform the job of administrative assistant because it has an SVP rating of 7. However, no doctor opined Ms. Fleurima had moderate limitations in social functioning and concentration. (Tr. 65, 97). Even with an SVP rating of 7, Ms. Fleurima's education and job experience as an administrative assistant provide substantial evidence that she satisfied the SVP rating for this job.[7] (Tr. 40, 203–09, 224, 239, 299, 552). Thus, this argument is without merit.

### 3. Whether remand is required under sentence six.

"Sentence Six" of 42 USC § 405(g) provides the sole means for a district court to remand to the Commissioner to consider new evidence presented for the first time in the district court:

> The court may…at any time order additional evidence to be taken before

---

[7] An SVP rating of 7 means the occupation involves vocational preparation of "[o]ver 2 years up to and including 4 years." DOT, App'x C, Components of the Definition Trailer, 1991 WL 688702. "[SVP] information [should be used] only as a guideline to help determine how long it would generally take to learn a particular job. SVP may not accurately reflect the requirements of the job as the claimant performed it. If the [DOT] indicates a high SVP level for a particular job, consider the length of time the claimant did the job and the claimant's education when determining if the work lasted long enough to be relevant." POMS DI 25005.015D.

11

> the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

42 U.S.C. § 405(g). "The sixth sentence of § 405(g) plainly describes an entirely different kind of remand [from the fourth sentence], appropriate when the district court learns of evidence not in existence or available to the claimant at the time of the administrative proceeding that might have changed the outcome of that proceeding." *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990); *see Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (The sixth sentence allows the taking of "new evidence...that was not available to the claimant at the time of the administrative proceeding.").

Ms. Fleurima points to the fact that she subsequently received a favorable decision as of November 10, 2018, the day after the ALJ's decision in this case. (Doc. 24-1). Nothing in the decision states Ms. Fleurima was disabled during the relevant period from June 2, 2016 through November 9, 2018. *See Carroll v. Comm'r of Soc. Sec.*, 453 F. App'x 889, 892–93 (11th Cir. 2011) (denying motion to remand under sentence six because the subsequent favorable decision was for a different time period). Evidence that post-dates an ALJ's decision does not relate back to the time under consideration by the ALJ. *Id.*

The Eleventh Circuit has held that if the only "new evidence" a claimant provides in support of his request for remand is a later favorable decision, that is not evidence for purposes of sentence six remand. *Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822 (11th Cir. 2015) ("A decision is not evidence any more than evidence

12

is a decision."); *see also Arnold v. Comm'r of Soc. Sec.*, 724 F. App'x 772, 821–22 (11th Cir. 2015) (denying a sentence-six remand based on a subsequent notice of award). The Eleventh Circuit explained that an award is not by itself "new and material evidence warranting a remand of a prior denial of benefits" and that "the existence of a later favorable decision from the Social Security Administration [does not] undermine the validity of a previous denial of benefits." *See Arnold*, 724 F. App'x at 783 (citing *Hunter*, 808 F.3d at 821–22). As in *Hunter*, the only "new evidence" Ms. Fleurima cites in support of her request for remand is the later favorable decision, which was "not evidence for purposes of § 405(g)." 808 F.3d at 822.

Based on a review of the evidence, Ms. Fleurima has failed to establish that a remand under Sentence Six is warranted.

## IV. CONCLUSION

Substantial evidence supports the ALJ's decision. The Commissioner's decision is **AFFIRMED.** Ms. Fleurima's Motion for Remand under Sentence Six (Doc. 24) is **DENIED**. The Clerk of Court must enter final judgment for the Commissioner consistent with 42 U.S.C. Section 405(g).

**ORDERED** in Tampa, Florida on October 15, 2020.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge